CITY OF KENOSHA, Plaintiff and Respondent, v. GHYSELS and wife, Defendants and Appellants: WISCONSIN ELECTRIC POWER COMPANY, Defendant.

*No. 98. Argued March 3, 1970.—Decided March 31, 1970.*
(Also reported in 175 N. W. 2d 223.)

For the appellants there was a brief by *Phillips & Richards* of Kenosha, and oral argument by *Charles J. Richards*.

For the respondent there was a brief and oral argument by *Burton A. Scott*, city attorney.

BEILFUSS, J. The subdividing and platting of lands is controlled by ch. 236, Stats.

The pertinent statutory sections are as follows:

"236.01 **Purpose of chapter.** The purpose of this chapter is to regulate the subdivision of land to promote public health, safety and general welfare; to further the orderly layout and use of land; to prevent the overcrowding of land; to lessen congestion in the streets and highways; to provide for adequate light and air; to facilitate adequate provision for water, sewerage and other public requirements; to provide for proper ingress and egress; and to promote proper monumenting of land subdivided and con-

veyancing by accurate legal description. The approvals to be obtained by the subdivider as required in this chapter shall be based on requirements designed to accomplish the aforesaid purposes."

"236.20 **Final plat.** A final plat of subdivided land shall comply with the following requirements:

". . .

"(2) MAP AND ENGINEERING INFORMATION. The final plat shall show correctly on its face:

". . .

"(c) The exact length and bearing of the exterior boundaries, the boundary lines of all blocks, public grounds, streets and alleys, and all lot lines, except that when the lines in any tier of lots are parallel it shall be sufficient to mark the bearings of the outer lines on one tier thereof. *Easements shall be shown by center line and width when lines are parallel to a boundary, otherwise boundary bearings and distances shall be shown.* Where the exterior boundary lines show bearings or lengths which vary from those recorded in abutting plats or certified surveys there shall be the following note placed along such lines, 'recorded as (show recorded bearing or length or both)'.

". . .

"(f) *The exact width of all easements, streets and alleys.*" (Emphasis added.)

"236.29 **Dedications.** (1) EFFECT OF RECORDING ON DEDICATIONS. When any plat is certified, signed, acknowledged and recorded as prescribed in this chapter, every donation or grant to the public or any person, society or corporation marked or noted as such on said plat shall be deemed a sufficient conveyance to vest the fee simple of all parcels of land so marked or noted, and shall be considered a general warranty against such donors, their heirs and assigns to the said donees for their use for the purposes therein expressed and no other; and the land intended for the streets, alleys, ways, commons or other public uses as designated on said plat shall be held by the town, city or village in which such plat is situated in trust to and for such uses and purposes.

"(2) DEDICATIONS TO PUBLIC ACCEPTED BY APPROVAL. When a final plat of a subdivision has been approved by

the governing body of the municipality or town in which the subdivision is located and all other required approvals are obtained and the plat is recorded, that approval constitutes acceptance for the purpose designated on the plat of all lands shown on the plat as dedicated to the public including street dedications."

We are of the opinion that the subdividers were obligated by statute to show and identify any easements in the areas dedicated as streets and that the city had a right to rely upon the final plat as prepared and recorded by the subdividers.

The amended complaint herein alleges facts which constitute a noncompliance with the statute and as such states a cause of action for damages.

We are mindful of the arguments and cases cited by the defendants-appellants but we are of the opinion the statutes clearly set forth the obligations of a subdivider.

*By the Court.*—Order affirmed with leave to serve an answer twenty days after remittitur.